IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>    Plaintiff,<br><br>v.<br><br>TN RESTAURANT GROUP, LLC d/b/a DQ GRILL & CHILL RESTAURANT<br>    Defendant. | CIVIL ACTION NO.<br><br>COMPLAINT<br><br>Jury Trial Demanded |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act (ADEA) to correct unlawful employment practices because of age and to provide appropriate relief to Theresa Chandler, Dianne Long, and a class of persons age forty and older who were adversely affected by such unlawful practices. As alleged with greater particularity below, Tennessee Restaurant Group, LLC d/b/a DQ Grill & Chill Restaurant (Defendant Employer), subjected Theresa Chandler, then 59, Dianne Long, then 57, and a class of persons age forty and older, to age discrimination when it refused to hire them because of their age. Further, Defendant Employer violated Section 7(a) of the ADEA, 29 U.S.C. § 626(a), by failing to make and preserve records required by the Commission necessary to the Commission's administration of the ADEA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and Section 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Tennessee, Nashville Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant Tennessee Restaurant Group, LLC d/b/a DQ Grill & Chill Restaurant, has continuously done business in the State of Tennessee and the cities of Bellevue and Portland, and has continuously had at least 20 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## ADMINISTRATIVE PROCEEDING

6. More than 30 days prior to institution of this lawsuit, Mrs. Chandler filed a charge with the Commission alleging a violation of the Age Discrimination in Employment Act by Defendant Employer.

7. On September 5, 2018, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe the ADEA was violated and inviting Defendant Employer to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant Employer to provide Defendant Employer the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

10. On September 20, 2018, the Commission issued to Defendant Employer a Notice of Failure of Conciliation.

11. All conditions precedent to the initiation of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

### I. FAILURE TO HIRE

12. On or about March 16, 2017, Defendant Employer engaged in unlawful employment practices at its Bellevue and Portland, Tennessee store locations in violation of Section 4(a) of the ADEA, 29 U.S.C. § 623(a). The unlawful employment practices include failing to hire Theresa Chandler (Mrs. Chandler), Dianne Long (Ms. Long), and a class of other persons age forty and older, because of their age.

(a) Mrs. Chandler applied for a crew position at Defendant Employer's Bellevue location on or about March 16, 2017.

(b) Mrs. Chandler was fifty-nine years old at the time.

(c) Mrs. Chandler's employment application indicated she was interested in a full-time position and was available to work forty-hours per week.

(d) Defendant Employer's General Manager, Caitlynn Neeley (Ms. Neeley), interviewed Mrs. Chandler on March 23, 2017.

(e) Mrs. Chandler told Ms. Neeley about her previous customer service experience during the interview.

(f) Ms. Neeley told Mrs. Chandler she thought she would be a good fit for a service position.

(g) Defendant Employer did not hire Mrs. Chandler.

(h) Defendant employer hired five significantly younger employees during the time Mrs. Chandler submitted her employment application and participated in her interview: Natalie Caldwell (Caldwell), Christina Davis (Davis), Brittney Pettit (Pettit), Jordan Sharbeno (Sharbeno), and Cody Morgan (Morgan).

(i) Each of those employees were under the age of forty and were at least twenty-five years Mrs. Chandler's junior.

(j) Defendant Employer stated it did not hire Mrs. Chandler because each of the employees hired "had restaurant experience, were flexible to work day, night and the week-ends."

(k) Cody Morgan, age 18, did not have previous fast food experience and was not available to work on Friday, Saturday, or Sunday, yet he was hired.

(l) Natalie Caldwell, age 24, lists limited availability on her employment application, as she could not work on Wednesday or Sunday, yet she was hired.

(m) Brittney Pettit, age 23, lists limited availability on her employment application as she could only work ten a.m. to five p.m. daily, yet she was hired.

(n) Jordan Sharbeno, age 18, lists limited availability on his employment application as he could only work after three p.m. on Monday, Wednesday and Friday, after four p.m. on Sunday and not at all on Tuesday, yet he was hired.

4

(o) Mrs. Chandler, age 59, listed unlimited availability four days a week, daytime availability on Thursday, morning availability on Saturday, and unlimited availability after 12:30 p.m. on Sunday, and was not hired.

(p) Ms. Long applied to work at Defendant Employer's Portland, Tennessee location on March 29, 2017.

(q) Ms. Long was fifty-seven years old at the time.

(r) Ms. Long has worked in fast food service since she was fourteen years old and had experience as a cook and a server.

(s) Ms. Long did not receive an interview or a call back and was not hired for the position.

(t) Neither Mrs. Chandler nor Ms. Long were hired.

(u) Defendant Employer has stated "…if the person was old with arthritis they would not be hired."

13. The effect of the practices complained of in paragraph 12 deprived Mrs. Chandler and Ms. Long of equal employment opportunities and otherwise adversely affected their ability to gain meaningful employment because of their age.

14. The unlawful employment practices complained of in paragraph 12 were willful and intentional within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## II. FAILURE TO PRESERVE RECORDS

15. Since at least January 2017, Defendant Employer violated Section 7(a) of the ADEA, 29 U.S.C. § 626(a) by failing to make and preserve records required by the Commission necessary to the Commission's administration of the ADEA.

(a) On March 6, 2018, the Commission interviewed Defendant Employer's Managing Partner, Vafa Homayoon and General Manager of the Bellevue store, Ms. Neeley.

(b) The Commission requested copies of applications submitted to Defendant Employer's Bellevue, Tennessee store location.

(c) Mr. Homayoon admitted the Bellevue store had not maintained copies of employment applications for one year during the time Mrs. Chandler applied.

(d) Ms. Neeley admitted her current practice is to keep applications for six months "if they are remotely important."

(e) Defendant Employer destroyed the employment applications of non-hired individuals within three to four weeks if the applicant was not hired when Mrs. Chandler applied for the position.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from failing to hire or engaging in any other employment practice which discriminates against employee applicants who are 40 years of age and older.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals 40 years of age and older and which eradicate the effects of its past and present unlawful employment practices.

C. Grant a judgment requiring Defendant Employer to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to individuals whose wages are being unlawfully withheld because of the acts complained of above, including but not limited to Mrs. Chandler, Ms. Long and a class of other individuals who were unlawfully denied employment.

D. Order Defendant Employer to make whole Mrs. Chandler, Ms. Long and all other individuals affected by Defendant Employer's actions by providing the affirmative relief necessary to eradicate the effects of its unlawful practices.

E. Order Defendant Employer to make and preserve records required by the Commission pursuant to Section 7(a) of the ADEA, 29 U.S.C. § 626(a) and 29 C.F.R. § 1627.3(b)(1)(i), at each of its Tennessee locations.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

    Respectfully submitted,

    James L. Lee
    Acting General Counsel

    GWENDOLYN YOUNG REAMS
    Associate General Counsel

s/ Faye A. Williams (with permission RG)
FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 11730
faye.williams@eeoc.gov

s/ Mark Chen (with permission RG)
MARK CHEN
Trial Attorney
TN Bar No. 14268
mark.chen@eeoc.gov

s/ Roslyn N. Griffin
ROSLYN N. GRIFFIN
Trial Attorney
MS Bar No. 103317
roslyn.griffin@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1407 Union Avenue, Suite 901
Memphis, TN 38104
(901) 544-0099