UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CIVIL ACTION NO. **3:18-cv-00975** |
| TN RESTAURANT GROUP, LLC d/b/a DQ GRILL & CHILL RESTAURANT | ) ) ) ) |
| Defendant. | ) |

## CONSENT DECREE

Plaintiff Equal Employment Opportunity Commission (EEOC) filed this civil action under the Age Discrimination in Employment Act against TN Restaurant Group, LLC d/b/a DQ Grill & Chill Restaurant on September 28, 2018. The EEOC alleges that TN Restaurant Group discriminated against Theresa Chandler, then age 59, Dianne Long, then age 57, and a class of persons age forty and older, when TN Restaurant Group refused to hire them because of their age. The EEOC also asserts that the TN Restaurant Group violated Section 7(a) of the ADEA, 29 U.S.C. § 626(a), by failing to make and preserve records required by the EEOC necessary to the administration of the ADEA.

TN Restaurant Group denies the EEOC's allegations and denies it discriminated against Ms. Chandler, Ms. Long, or a class of other persons in violation of the ADEA.

This Consent Decree represents the complete and exclusive agreement between the parties with respect to the matters referenced herein. No waiver, modification, or amendment of any provision of this Decree shall be effective unless made in writing.

No representations or inducements to compromise this action have been made between the parties, other than those recited or referenced in this Consent Decree. If the Court does not approve this Decree, the parties agree neither of them will attempt to admit the Decree in evidence in this or any subsequent lawsuit.

After examining the terms of this Consent Decree, and based on the record and stipulations of the parties, the Court hereby APPROVES the Consent Decree (Doc. No. 26) and finds as follows:

### I. JURISDICTION

The Court has jurisdiction over the parties and the subject matter of this action.

### II. FINDINGS

A. This Consent Decree furthers the purpose of the ADEA and serves the public's interest.

B. The terms of this Consent Decree are a fair, equitable and reasonable settlement that further the public's interst.

C. The parties reached the terms of the Consent Decree by a process of negotiation and compromise.

D. The Consent Decree conforms to the Federal Rules of Civil Procedure and the ADEA and does not derogate the rights or privileges of any person.

E. The Consent Decree represents the final and binding agreement between the EEOC and TN Restaurant Group, their directors, officers, agents, employees, successors or assigns, and all persons in active concert or participation with TN Restaurant Group.

F. The Parties agree to the entry of this Consent Decree to fully and finally resolve all claims raised by the EEOC in its Complaint in Civil Action No. 3:18-cv-00975.

### III. SCOPE AND DURATION OF THIS DECREE

A. This Consent Decree resolves all issues and claims arising from Theresa Chandler's Charge of Discrimination (EEOC Charge No. 494-2017-00956) filed against TN Restaurant Group.

B. This Consent Decree resolves all issues and claims arising from the Complaint against TN Restaurant Group in Civil Action No. 3:18-cv-00975.

C. The duration of this Consent Decree and all obligations shall remain for two (2) years from the date of its entry by the Court.

D. During the term of this Consent Decree, the Court shall retain jurisdiction over this case for purposes of compliance and any disputes that may arise.

### IV. INJUNCTIVE RELIEF

A. TN Restaurant Group is enjoined from allowing its supervisors, managers, employees, agents, or assigns to discriminate against its applicants and employees because of their age, forty and over, in any phase of employment, including recruitment, hiring, job assignment or training.

B. TN Restaurant Group is enjoined from limiting, segregating, or classifying its applicants or employees in any way which deprives or tends to deprive the applicant or employee of employment opportunities or otherwise adversely affect his or her status as an employee, because of the applicant or employee's age, forty and over.

### V. DEVELOPMENT OF POLICY AGAINST AGE DISCRIMINATION

TN Restaurant Group will develop and establish a written policy for evaluating candidates for hire or promotion. The policy shall be applied consistently to all candidates and shall comply with the mandates of the ADEA.

A. Specifically, the policy shall provide as follows:

    1. TN Restaurant Group will not discriminate against employees and applicants aged forty and over.

2. TN Restaurant Group will avoid assumptions and stereotypes about applicants and employees based on their age and will assess employment applicants based on their qualifications.

3. TN Restaurant Group will conduct periodic internal analyses of selection decisions to determine whether applicants 40 and over are being selected proportionally to their representation in the applicant pool of reviewed applications.

B. The policy must also define and explain:

1. age discrimination;

2. prohibited behavior;

3. procedures for reporting prohibited behavior;

4. assurances that complaints will be investigated quickly and fairly; and

5. that TN Restaurant Group has a procedure for maintaining records, including applications for employment.

## VI. POLICY DISTRIBUTION

TN Restaurant Group shall distribute its policy prohibiting age discrimination to all human resource employees, managers, supervisors, and any other TN Restaurant Group employee responsible for hiring and management services.

## VII. TRAINING

A. TN Restaurant Group agrees to train all of its human resource, management and supervisory employees on the ADEA. Initial training will occur within thirty (30) days of entry of this Decree. The training shall take place twice a year for two years. The training sessions shall last a minimum of one hour and TN Restaurant Group's highest-ranking executive level

4

employee at the facility or a labor and an employment attorney with at least seven years' experience, including experience in age discrimination law, shall lead the sessions. The training shall consist of, amongst other things, the following:

1. explanation of the ADEA, including an employer's obligations regarding age claims and prohibition against age discrimination in the workplace;

2. explanation of the factors human resource personnel, managers, and supervisory employees should consider when interviewing applicants.

3. explanation of the record keeping requirements human resource personnel, managers, and supervisory employees are required to comply with when participating in or assisting with the hiring.

B. Within twenty (20) days of the training, TN Restaurant Group must submit to the EEOC documentation showing the training occurred, and a signed roster showing the names of the employees who attended the training.

## VIII. CHARGING PARTY MONETARY RELIEF

TN Restaurant Group shall pay Mrs. Chandler monetary relief in the amount of $3,000 as follows: Ms. Chandler will receive $1,500 in back pay and $1,500 in liquidated damages. TN Restaurant Group will provide a W-2 for the back-pay amount and withhold all applicable taxes and deductions from that amount. This payment represents full and final settlement of the EEOC's claims against TN Restaurant Group on behalf of Ms. Chandler.

## IX. AGGRIEVED PARTY MONETARY RELIEF

TN Restaurant Group also will establish a fund in the amount of $5,500. Aggrieved parties, including Ms. Long, will receive financial settlements from this fund. Payments to the

aggrieved parties shall represent full and final settlement of the EEOC's claims against TN Restaurant Group. In the event the aggrieved parties are not located, remaining proceeds from this fund will not revert to TN Restaurant Group but will be paid to the Tennessee Senior Community Service Employment Program or a similar senior services program.

## X.     RECORDKEEPING

TN Restaurant Group agrees to collect, retain and provide the following information to the EEOC every six (6) months during the duration of this Consent Decree:

A.     Applications of all persons who applied for employment during a six (6) month period. TN Restaurant Group will designate the applicant's employment status (i.e. whether they were interviewed and/or hired) in the requested materials;

B.     All complaints related to age discrimination, unfair treatment, or failure to hire or promote, based on age;

C.     All training materials required by this Consent Decree;

D.     All reports and documents related to, created or compiled in accordance with this Consent Decree.

## XI.    REPORTING

TN Restaurant Group shall provide the EEOC with semi-annual reports for the Decree by March 1 and September 1, each year for the duration of this agreement. The report shall be in spreadsheet form and include or be accompanied by the following information:

1.     TN Restaurant Group shall maintain employment applications as required by 29 C.F.R. § 1602.14. TN Restaurant Group shall provide copies of those applications to the EEOC as outlined above.

A. Full name, telephone number, and e-mail address of applicants who were hired for positions with TN Restaurant Group.

## XII. NOTICE POSTERS

TN Restaurant Group shall post, for the duration of this Consent Decree, the Notice to Employees attached as Appendix A. The Notice shall be posted in a conspicuous location in any non-public area of TN Restaurant Group's facilities frequented by employees.

## XIII. MONITORING AND ENFORCEMENT

A. The EEOC may monitor TN Restaurant Group's compliance with the terms of this Consent Decree by:

1. Examining documents or other records required to be made or kept by this Consent Decree;

2. Interviewing employees and management concerning the requirements of and compliance with this Decree; and

3. Interviewing employees or applicants, age forty and over, who applied for a position but were not hired.

B. If the EEOC, at its sole discretion, finds TN Restaurant Group failed to comply with the Consent Decree, the EEOC shall provide TN Restaurant Group notice of the failure and allow it a period of fifteen (15) calendar days from receipt of the notice to comply. If, after the 15-day period has expired, TN Restaurant Group failed to comply, the EEOC may then petition this Court for relief. Such relief may include further permanent or temporary injunctions, monetary relief, costs, and/or penalties for contempt of court.

### XIV. SEVERABILITY

If one or more provisions of this Consent Decree are rendered unlawful or unenforceable as a result of a legislative act or a decision by a court of competent jurisdiction, the following will apply to ensure that this Consent Decree continues to effectuate the intent of the parties. The provisions of this Consent Decree which are not rendered unlawful, unenforceable, or incapable of performance as a result of such legislative act or court decision will remain in full force and effect and the parties' responsibilities will not abate as to any and all provisions that have not been rendered unlawful or unenforceable, except to the extent that the intent of this Consent Decree would be undermined.

### XV. SUCCESSOR LIABILITY

A. For the duration of this Consent Decree, prior to any sale, merger, or consolidation of the company, TN Restaurant Group shall provide written notice and a copy of this Consent Decree to any successors, assigns, subsidiaries, affiliates, or any other corporation or entity that acquires, merges or consolidates with TN Restaurant Group. Any surviving entities that exist upon completion of the acquisition, merger or consolidation shall remain fully liable for compliance with this Decree.

B. TN Restaurant Group shall provide notice to the EEOC forty-five (45) days prior to any assignment, succession, acquisition, merger, or consolidation.

### XVI. COSTS AND EXPENSES

The parties shall bear their own costs, attorney fees, and expenses arising from this litigation.

## XVII.  NOTICES AND OTHER COMMUNICATION

All notices, certifications, reports, or other communications that this Consent Decree requires the parties to exchange shall be in writing and transmitted as follows:

    A.    To the EEOC, via electronic mail to: EEOC-MEDO-decree-monitoring@eeoc.gov

    B.    To TN Restaurant Group, via [electronic] mail to:

    Name

    Address

Any party may change the contact information by written notice to the other parties setting forth the new information.

    IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR
CHIEF UNITED STATES DISTRICT JUDGE

## Appendix A

## NOTICE TO EMPLOYEES

1. This Notice is posted pursuant to a Consent Decree entered by the United States District Court for the Middle District of Tennessee, Nashville Division in the matter of EEOC v. TN Restaurant Group, LLC d/b/a DQ Grill & Chill Restaurant. Case No. 3:18cv00975.

2. It is unlawful under the Age Discrimination in Employment Act, 29 U.S.C. § 626(a), for employers to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his or her compensation, terms, conditions, or privileges of employment, because of such individual's age."

3. TN Restaurant Group, LLC d/b/a DQ Grill & Chill Restaurant will not tolerate or condone age-based discrimination. Age discrimination violates company policy as well as federal law. Violation of this company policy by anyone employed by TN Restaurant Group, LLC d/b/a DQ Grill & Chill Restaurant will result in disciplinary action up to and including termination.

4. If you believe you have been discriminated against, you have the right to seek assistance from:

    Equal Employment Opportunity Commission
    220 Athens Way, Suite 350
    Nashville, TN 37228-9940
    Telephone: 1-800-669-4000
    TTY: 1-800-669-6820
    Website: www.eeoc.gov.

This Notice will remain posted for two years from the date signed below and must not be altered, defaced, removed, or covered by any other materials.

_____     _____
Date                              President of TN Restaurant Group, LLC d/b/a DQ Grill
                                  & Chill Restaurant